USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
OMEGA ADVISORS, INC. et al.,

                Plaintiffs,

    - against -

CLAYTON LEWIS,

                Defendant.
------------------------------------X

**MEMORANDUM AND ORDER**

06 Civ. 834 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Before the Court is the defendant's Motion for Reconsideration of the Court's denial of his Motion to Compel. The Court heard argument on the defendant's original Motion to Compel on February 11, 2010, and at that time denied the motion without prejudice to renewal following certain actions on the part of the defendant.

    The defendant now moves to reconsider with respect to one of the arguments previously raised, concerning an alleged joint legal representation of Omega Advisors and the defendant. The defendant argues that this alleged representation should permit him access to otherwise privileged communications and work product in the possession of the plaintiffs.

    A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," In re Initial Public Offering Sec. Litig., 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)

(internal citation and quotation marks omitted), aff'd sub nom Tenney v. Credit Suisse First Boston Corp., Nos. 05 CV. 3430, 05 CV. 4759, & 05 CV. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006), and appropriate only when a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion" and which, if examined, might reasonably have led to a different result, Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000). A motion for reconsideration should not be treated as a "second bite at the apple" for a party dissatisfied with a court's ruling. Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

In support of his Motion for Reconsideration, the defendant points to brief statements made by the Court on the record at oral argument and claims that "the Court overlooked the substantial additional evidence of joint representation that was then before the Court." (Def. Mem. at 2.)

In fact, the Court carefully reviewed all of the evidence provided by the defendant in connection with his original Motion to Compel, and we have reviewed it once again in connection with his Motion for Reconsideration. As we held earlier, we remain unconvinced at this time that there was a joint legal representation of Omega Advisors and the defendant.

Moreover, at the oral argument, the Court instructed the defendant that it would reconsider his motion once the record

2

was supplemented with more specific factual representations from Mr. Lewis, in the form of an affidavit. Given the arguments advanced by the defendant, the Court expects that Mr. Lewis should easily be able to discuss specific conversations, with specific attorneys, concerning specific matters, (perhaps) at specific times.

At the moment, the Court merely has a collection of documents that appear to confirm little more than (1) that certain law firms conducted corporate transactional work for Mr. Lewis's investment fund, which had little (if anything) to do with the Foreign Corrupt Practices Act ("FCPA"); and (2) that Mr. Lewis may have contributed a share of the fees paid by the plaintiffs for legal advice rendered in connection with the Azeri investment and its propriety in light of the restrictions of the FCPA. The defendant has provided no legal authority -- let alone controlling legal authority -- that would warrant a finding of a joint representation under these circumstances.

We further note that the narrow literalism that defense counsel applies to the Court's words appears not to extend to their treatment of the record in this case. Without getting into details, it will suffice to say that many of the documents that purport to support the defendant's position are much less convincing when examined directly and carefully, stripped of the

rhetoric that defense counsel employs in their attempts to amplify the significance of the materials.

For the foregoing reasons, the defendant's Motion for Reconsideration (docket no. 98) is denied.


Dated:  New York, New York
        March 8, 2010

                                          NAOMI REICE BUCHWALD
                                          UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for Plaintiffs**
Eric L. Lewis, Esq.
H. Bradford Glassman, Esq.
Baach Rabinson & Lewis PLLC
1201 F Street, NW
Washington, DC 20004

**Attorney for Defendant**
R. Scott Thompson, Esq.
Matthew M. Oliver, Esq.
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068

Gerald Krovatin, Esq.
Krovatin & Associates, LLC
744 Broad Street, Suite 1903
Newark, NJ 07102